**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

———————————————————————
)
)
**HEEWON LEE,**                                   )
)
               **Plaintiff,**               )
)
        **v.**                            )
)          **Case No. 20-CV-10434-DJC**
)
**BAC HOME LOANS SERVICING, LP,**    )
**BANK OF AMERICA, N.A. et al.,**        )
)
               **Defendants.**            )
)
)
———————————————————————)

<u>**MEMORANDUM AND ORDER**</u>

**CASPER, J.**                                                    **March 5, 2021**

**I.      Introduction**

Plaintiff Heewon Lee ("Lee") filed this lawsuit against Bank of America, N.A. ("BANA")

and several of its employees (collectively, "Defendants"), alleging racketeering and promissory

estoppel.  D. 1.  Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(5) and

12(b)(6).  D. 13.  For the reasons stated below, this Court ALLOWS Defendants' motion.

**II.     Discussion**

    **A.      <u>Res Judicata</u>**

Lee is precluded from pursuing claims against all Defendants stemming from the handling

of his loan modification application given that he previously and unsuccessfully litigated the same

issues against BANA in his prior federal and state court actions.  The doctrine of *res judicata*

"prevents re-litigating claims that 'were raised or could have been raised in [a prior] action.'" Silva v. City of New Bedford, Mass., 677 F. Supp. 2d 367, 369 (D. Mass. 2009), aff'd sub nom., Silva v. City of New Bedford, 660 F.3d 76 (1st Cir. 2011) (quoting Maher v. GSI Lumonics, Inc., 433 F.3d 123, 126 (1st Cir.2005)).  That is, such doctrine "bars parties from relitigating claims that could have been made in an earlier suit, not just claims that were actually made." Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010).  To establish *res judicata*, a party must show that "(1) [an] earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related." Id.

Turning to the first element, another session of this Court issued a final judgment against Lee and in favor of BANA in an action stemming from the same loan modification rejection challenged here.  See Lee v. BAC Home Loans Servicing, LP, No. 10-CV-12226-GAO, 2013 WL 212615 (D. Mass. Jan. 18, 2013) (dismissing Lee's claims against BANA for breach of contract, negligence, intentional and negligent misrepresentation, intentional infliction of emotional distress and violating the Fair Debt Collection Practices Act and Federal Trade Commission Act); Lee v. BAC Home Loans Servicing, LP, No. 10-CV-12226-GAO, 2014 WL 4964411 (D. Mass. Sept. 30, 2014) (granting summary judgment on Lee's remaining claims).  His later state court action was dismissed on *res judicata* grounds, relying on this earlier federal dismissal.  D. 14-8 (granting motion to dismiss Lee's claims against BANA for violations of Mass. Gen. L. c. 244 § 35, Mass. Gen. L. c. 183C, § 4 and Mass. Gen. L. c. 93A and various federal statutes).  Accordingly, the earlier federal judgment serves as a final judgment for the purposes of *res judicata* and satisfies the first element of claim preclusion.  See, e.g., Koolen v. Mortg. Elec. Registration Sys., Inc., 953 F. Supp. 2d 348, 352 (D.R.I. 2013) (noting that court's entry of summary judgment in favor of

defendants serves as final judgment for *res judicata* purposes); Andrews–Clarke v. Lucent Technologies, Inc., 157 F. Supp. 2d 93, 99 (D. Mass. 2001) (noting that motion to dismiss pursuant to Rule 12(b)(6) is considered a final judgment on the merits for *res judicata* purposes).

Turning to the second element, the Court determines if the claims in Lee's current and prior suits are sufficiently identical by examining whether "the causes of action arise out of a common nucleus of operative facts." Mass. Sch. of Law at Andover, Inc., v. Am. Bar. Ass'n, 142 F.3d 26, 38 (1st Cir. 1998). Here, Lee defaulted on his mortgage repayment obligations to BANA in 2009 and received a denial letter from BOA stating that he did not have the resources to support a repayment plan or loan modification in January 2010. D. 27 at 3. He filed a federal lawsuit against BANA on December 23, 2010 alleging violations stemming from BANA's failure to modify his loan. D. 14-3. As noted above, Lee's claims were dismissed, Lee v. BAC Home Loans Servicing, LP, No. 10-CV-12226-GAO, 2013 WL 212615 (D. Mass. Jan. 18, 2013); Lee v. BAC Home Loans Servicing, LP, No. 10-CV-12226-GAO, 2014 WL 4964411, at *4 (D. Mass. Sept. 30, 2014). The First Circuit affirmed this judgment on March 28, 2016, D. 14-6. On February 28, 2017, Lee filed a new suit in Superior Court, litigating prior claims but also adding new allegations stemming from subsequent attempts to obtain loan modifications in 2016 and 2017. D. 14-7. The Superior Court granted BANA's motion to dismiss and denied Lee's motions for reconsideration. D. 14-8. Although Lee's state court appeal from the Superior Court's dismissal and other related orders is currently pending before the Massachusetts Appeals Court, "a final judgment has preclusive effect even while an appeal is pending." Bostwick v. 44 Chestnut St., No. 17-cv-12409-ADB, 2019 WL 6050969, at *5 (D. Mass. Nov. 15, 2019) (citing O'Brien v. Hanover Ins. Co., 427 Mass. 194, 201 (1998) (adopting the "majority rule" that "a trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal").

3

Here, Lee again brings claims regarding the handling of his loan modification application. Generally, parties are not permitted to bring new actions based upon claims that could have been asserted in an earlier action but were not.  Airframe, 601 F.3d at 11.  Lee's alleged facts, stated in his opposition, stem from the same events as those in his prior suits, dating from 2009 to 2017. See, D. 14-3, D. 14-7.  Lee fails to allege any new facts or evidence since his prior suits.  See generally, D. 27.  Moreover, with respect to his 2017 claims, which Lee raised most recently before the Superior Court, Lee himself stated that "what has been happening from April 2016 to February 2017 is exactly the same as what happened from April 2009 to July 2010."  D. 14-7 at 7 ¶ 37; see D. 14-8 (holding that Lee's 2017 claims, though they may not be identical to his federal claims raised in 2009, "arise from [an] identical set of facts" and "could have, and should have, been brought in the Federal action").  The First Circuit has held that claim preclusion applies when the new action simply alleges that the wrongful conduct in the first action continued to occur.  See Havercombe v. Dep't of Educ. of the Commonwealth of P.R., 250 F.3d 1, 3 (1st Cir. 2001).  While the Court acknowledges Lee's argument that his claims under the Racketeer Influenced Corrupt Organizations Act ("RICO") were not raised in his prior litigations, D. 33 at 2-3, the Court's assessment for claim preclusion purposes "does not turn on the labels the plaintiff attaches to [his] various claims, but rather 'boils down to whether the causes of action arise out of a common nucleus of operative facts,'" which is the case here.  Airframe, 601 F.3d at 15 (citing Mass. Sch. of Law at Andover, Inc., 142 F.3d at 38); see Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994) (noting that "the necessary identity" exists where both sets of claims are derived from a common nucleus of operative facts, "no matter how diverse or prolific the claims themselves may be").  Accordingly, the second element for *res judicata* is satisfied.

4

Turning to the final element, the parties in the prior cases and in the instant case must be the same or in privity with one another. <u>Silva</u>, 677 F. Supp. 2d at 370. To make this determination, the key inquiry is not whether the parties are identical, but whether "the parties in the two suits are sufficiently identical or closely related." <u>Airframe</u>, 601 F.3d at 14. In the present litigation, Lee sued BANA and three of its employees, D.1, whereas in prior litigations, Lee filed suit solely against BANA. D. 14-3; 14-7. However, in the current suit, Lee fails to allege that BANA and its employees are not closely related. Moreover, the current claims against the individual Defendants were or could have been brought in Lee's prior suits, given the absence of any new facts or evidence to support his claims and his assertion that the individual Defendants' allegedly unlawful acts were committed on behalf of BANA during the same 2010-2011 timeframe. D. 27 at 6, ¶ 2; <u>Id.</u> at 10, ¶¶ 21-22. The current suit impermissibly "trie[s] to hold related defendants liable on related claims." <u>Airframe</u>, 601 F.3d at 17-18. Accordingly, the Court concludes the parties in the two suits are sufficiently identical or closely related for *res judicata* purposes and Lee is precluded from asserting these claims.

### B.   <u>Failure to State a Claim</u>

Even if Lee's claims were not barred by *res judicata*, both his promissory estoppel and RICO claims would still fail. The elements of promissory estoppel include "(1) a representation intended to induce reliance on the part of a person to whom the representation is made; (2) an act or omission by that person in reasonable reliance on the representation; and (3) detriment as a consequence of the act or omission." <u>TechTarget, Inc. v. Spark Design, LLC</u>, 746 F. Supp. 2d 353, 357 (D. Mass. 2010). Lee fails to allege facts sufficient to satisfy these elements. In his complaint, Lee alleges "promissory estoppel [with] handling of HAMP." D. 1 at 7. Without more, Lee has not alleged sufficient facts to support a finding that he suffered detrimentally as a result

of his reliance on any acts or statements made by the individual Defendants.  See, TechTarget, Inc., 746 F. Supp. 2d at 355 (noting that "[a] mere recital of the legal elements supported only by conclusory statements is not sufficient to state a cause of action") (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Lee's RICO claim suffers for similar reasons.  The RICO statute makes it unlawful for any "person employed by or associated with any enterprise engaged in . . . interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ."  18 U.S.C. § 1962(c).  A civil RICO claim requires:  "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sterling Suffolk Racecourse, LLC v. Wynn Resorts, Ltd., 419 F. Supp. 3d 176, 189 (D. Mass. 2019) (quoting Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985)).  "What constitutes 'racketeering activity' under the RICO statute is determined exclusively by reference to 18 U.S.C. § 1961(1)."  Id. (citing Beck v. Prupis, 529 U.S. 494, 497 n.2 (2000) (finding that § 1961(1) "contains an exhaustive list of acts of 'racketeering,' commonly referred to as 'predicate acts'"). Here, Lee states conclusory allegations that "Defendants' Racketeer Influenced and Corrupt Organizations and Promissory Estoppel [with] handling of HAMP Home Affordable Modification Program by illegal and wrongful actions."  D. 1 at 7.  Lee fails to allege one or more predicate acts that would support a RICO claim or assert facts showing that any of the individual Defendants engaged in any of the criminal actions prohibited under RICO.[1]

## III.    Conclusion

For the foregoing reasons, the Court ALLOWS Defendants' motion to dismiss.  D. 13.

**So Ordered.**

/s/ Denise J. Casper

---

[1]Given the ruling above and the grounds for same, the Court does not reach Defendants' other grounds for dismissal.

United States District Judge